972 So.2d 1237 (2007)
Ammon L. MILLER, Jr.
v.
Desiree CHARBONNET as Recorder of Mortgages for Orleans Parish and Henderson Condominium Association, Inc.
No. 2007-CA-0646.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 2007.
John O. Pieksen, Jr., John Pieksen & Associates, LLC, Ammon L. Miller, Jr., Law Office of Ammon L. Miller, Jr., New Orleans, LA, for Plaintiff/Appellee.
T. Gregory Schafer, Schafer & Schafer, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
This appeal by defendant/appellant Henderson Condominium Association, Inc. ("the condominium association"), is from the trial court judgment granting the petition for a writ of mandamus filed by plaintiff/appellee Ammon L. Miller and ordering Desiree Charbonnet, as recorder of mortgages for the Parish of Orleans, to cancel the lien obtained by the defendants on the plaintiffs property. After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts and Procedural History
In June 1996, the plaintiff purchased a condominium, Unit 312 at 700 Commerce Street in New Orleans, Louisiana. A dispute arose over payment of association dues between the plaintiff and the association and, in June 2006, without written notice to the plaintiff, the association filed a claim of privilege on the plaintiffs condominium which was recorded on June 28, 2006 in the mortgage records of Orleans Parish. On February 1, 2007, the plaintiff filed a petition for a writ of mandamus, seeking cancellation of the privilege, alleging that it was invalid because the defendant association knowingly filed an inaccurate statement of lien, ignored the plaintiffs repeated requests of an accounting and continued dispute of the amount allegedly owed, failed to provide prior notice of the filing of the lien as required by La.Rev.Stat. 9:1123.115, and never afforded the plaintiff an opportunity to formally dispute the amount allegedly due.
After a hearing held on February 16, 2007, the trial judge issued a written judgment signed on March 5, 2007, granting the plaintiffs petition for a writ of mandamus, *1239 ordering the recorder of mortgages to cancel the defendant's statement of lien on the plaintiffs property but deferring the issues of cost and attorney fees pending further proceedings by the defendant. On April 13, 2007, the defendant filed a timely petition for a suspensive appeal which was granted on April 16, 2007.
On May 29, 2007, the plaintiff/appellee filed a motion in this court to dismiss the appeal, arguing that the appeal was not timely filed within the delays provided for in La.Code Civ. Proc. art. 2123. On June 19, 2007, the plaintiffs motion was denied.

Discussion
On appeal, the defendant/appellant argues that the trial judge erred in finding that preservation of the privilege set forth in La.Rev.Stat. 9:1123.115 is dependent upon the condominium association serving upon the delinquent unit owner a sworn detailed statement of its claim at least seven days before the filing into the registry of privilege. However, nothing in the record indicates that the trial judge made such a finding. Specifically, no written reasons for judgment were issued and, although the appellant alleges that the trial judge cited its failure to comply with the written notice requirement of La.Rev.Stat. 9:1123.115(A)(3) as the basis for her judgment, there is nothing in the record to support the defendant's allegation. Thus, the only issue before the court is whether the trial judge was clearly wrong in granting the plaintiff's petition for a writ of mandamus and ordering the recorder of mortgages to cancel the defendant's statement of lien on the plaintiffs property.
Clearly, Lambert Bros., Inc. v. Ziegler, 361 So.2d 948 (La.App. 4 Cir.1978), the case cited by the defendant as authority, is not persuasive to the issue before the court. In Lambert, the question before the court was "whether the materialman has sufficiently followed the procedure of R.S. 9:4802 so as to preserve the privilege[1] which the law expressly granted." Lambert, 361 So.2d at 950 (emphasis added). Because the materialman in Lambert served the property owner by certified mail rather than registered mail as required by the statute, the court found in favor of the materialman, reasoning in dicta that the statute did "not purport to make preservation of the privilege depend upon service upon the owner" and, in any event, under La.Rev.Stat. 9:4802 recording the claim "is, apparently, a prerequisite only to the owner's personal liability [because] § 4806 provides that, if the bond is successfully objected to (but the contract was timely recorded), the owner is personally liable to claimants `who Recorded and served their claims as provided in R.S. 9:4802 . . .'" Lambert Bros., 361 So.2d at 951. Notably, this reasoning has never been cited or adopted by any court.
The statute at issue in this case, the Louisiana Condominium Act of 1974, provides that a condominium association shall have a privilege on a condominium parcel for all unpaid sums assessed by the association but that, at least seven days prior to filing a claim of privilege for registry in the mortgage record office, "[t]he association shall . . . serve upon the delinquent unit owner a sworn detailed statement of its claim for the delinquent assessment, which service shall be effected by personal service, or registered or certified mail." La.Rev.Stat. 9:1123.115(A)(3). The defendant association does not dispute that it failed to comply with this provision, arguing only that an examination of the statute "exhibits" that recordation of the claim is *1240 sufficient because the court in Lambert Brothers reasoned in dicta that recordation of a claim suffices to preserve a materialman's privilege.
First, as previously noted, there is nothing in the record to indicate the specific basis of the trial judge's judgment. The defendant does not dispute its failure to comply with the provision of the relevant statute which clearly requires service upon a delinquent unit owner of the association's claim prior to filing a claim of privilege with the recorder of mortgages. Moreover, unlike Lambert where notice had been served by certified mail, the lack of any written notice to the property owner prior to an action that could result in a deprivation of his property rights must raise a due process concern. Accordingly, under the circumstances of this case, we find no error in the trial court judgment granting the plaintiff's petition for a writ of mandamus.
Finally, the plaintiff/appellee contends in his brief that this appeal is moot because the defendant filed a second lien in the mortgage records on March 26, 2007, after the trial court issued the writ canceling the first lien but before this appeal was filed. A review of the record indicates that the plaintiff made reference to the filing of the second lien but did not raise it as an issue in his motion to dismiss the appeal which was denied by this court. Moreover, although a copy of the second lien is attached to the plaintiff's brief, it is not a part of the record on appeal and, accordingly, the issue is not properly before this court.
Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] "Privilege is a right, which the nature of the debt gives to the creditor, and which entitles him to be preferred before other creditors, even those who have mortgages." La.Civ. Code art. 3186.